**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

———————————————————— :
                                                    :
DEWEL COY SMITH, II,                    :
                                                    :
                    Plaintiff,         :       Civil No. 09-6512 (RMB)
                                                    :
          v.                                   :
                                                    :
WILDWOOD LINEN,                         :                **OPINION**
                                                    :
                    Defendant.        :
———————————————————— :

**APPEARANCES**:

      DEWEL COY SMITH, II, #960026B, Plaintiff <u>pro se</u>
      Bayside State Prison
      P.O. Box F-2
      Leesburg, New Jersey  08327

**BUMB**, District Judge

      Plaintiff Dewel Coy Smith, II, a prisoner confined at

Bayside State Prison, seeks to bring this action <u>in forma</u>

<u>pauperis</u> pursuant to 28 U.S.C. § 1915.  The Court will grant

Plaintiff's application to proceed <u>in forma pauperis</u> and dismiss

the Complaint.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

**I.  BACKGROUND**

      Plaintiff asserts violations of his constitutional rights by

Wildwood Linen and its owner, Al Beers.  Plaintiff asserts that

Al Beers violated his rights by "the use verb[al] abuse, slander,

threat of violence, defamation character, malicious intent to

deceive [his] professionalism, professional terrorism [and] to

have me quit my job because of my creed." (Docket Entry #1 at p. 4.) Plaintiff asserts the following facts:

> One month into employment asked my supervisor why I am being treated w/bias. I was told that we just dont like you. 2009 went to Al Beer's asking for help about the abuse. He said he would look into it. 2009 wrote letter to Al Beers ask for help. Bob Bears and I had meet. Bob went on to tell me what he did not like about my creed, abuse got worse. They employed new mechanic after training him they laid me off. Oct 2009 wrote letter #2 told them that they violated my rights & I wanted my job back. No response.

(Docket Entry #1, p. 5.)

Plaintiff seeks damages and injunctive relief. (Docket Entry #1, p. 6.)

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

2

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

The pleading standard under Rule 8(a)(2) was refined by the Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard
> . . . demands more than an unadorned
> ["]the-defendant-unlawfully-harmed-me["]
> accusation. [Twombly, 550 U.S.] at 555 . . .
> . A pleading that offers "labels and
> conclusions" or "a formulaic recitation of
> the elements of a cause of action will not
> do." [Id.] at 555. [Moreover,] the
> plausibility standard . . . asks for more
> than a sheer possibility that a defendant has
> acted unlawfully. Id. [Indeed, even w]here a
> complaint pleads facts that are "merely
> consistent with" a defendant's liability,
> [the so-alleging complaint still] "stops
> short of [showing] plausibility of
> 'entitlement to relief.'" Id. at 557
> (brackets omitted). [A fortiori,] the tenet
> that a court must accept as true all of the
> allegations contained in a complaint is
> inapplicable to legal conclusions [or to
> t]hreadbare recitals of the elements of a
> cause of action, supported by mere conclusory
> statements [, i.e., by] legal conclusion[s]
> couched as a factual allegation [e.g.,] the
> plaintiffs' assertion of an unlawful
> agreement [or] that [defendants] adopted a
> policy "'because of,' not merely 'in spite
> of,' its adverse effects upon an identifiable
> group." . . . . [W]e do not reject these bald
> allegations on the ground that they are
> unrealistic or nonsensical. . . .  It is the
> conclusory nature of [these] allegations . .
> . that disentitles them to the presumption of
> truth. . . . [Finally,] the question [of

3

> sufficiency of] pleadings does not turn [on]
> the discovery process.  <u>Twombly</u>, 550 U.S.] at
> 559 . . . . [The plaintiff] is not entitled
> to discovery [where the complaint asserts
> some wrongs," [<u>i.e.</u>, as] a
> conclusory allegation [since] Rule 8 does not
> [allow] pleading the bare elements of [the]
> cause of action [and] affix[ing] the label
> "general allegation" [in hope of developing
> actual facts through discovery].

<u>Iqbal</u>, 129 S. Ct. at 1949-54.

The Third Circuit observed that <u>Iqbal</u> hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),[1] which was applied to federal complaints before <u>Iqbal</u>.  <u>See</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009).

The Court is mindful that the sufficiency of this <u>pro se</u> pleading must be construed liberally in favor of the plaintiff, even after <u>Iqbal</u>.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether the Complaint should be dismissed.

### III.  DISCUSSION

A.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.  <u>See</u> <u>Mansfield, C. & L. M. Ry. Co. v. Swan</u>, 111 U.S. 379, 383 (1884).

---

[1]  The <u>Conley</u> court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. at 45-46.

Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). Article III of the Constitution provides:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing subject matter jurisdiction must be alleged in the complaint. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936). The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court." Id. at 189. Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152

(1908); <u>Van Holt v. Liberty Mutual Fire Ins. Co.</u>, 163 F.3d 161, 166 (3d Cir. 1998).

    (1) Diversity Jurisdiction

    Congress has given district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction is determined by examining the citizenship of the parties at the time the complaint is filed.  <u>See</u> <u>Smith v. Sperling</u>, 354 U.S. 91 (1957); <u>see also</u> <u>Grupo Dataflux v. Atlas Global Group</u>, L.P., 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought") (citation and internal quotation marks omitted).  This time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing - whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal."  <u>Grupo Dataflux</u>, 541 U.S. at 571.  In a diversity action, the complaint must set forth the citizenship of each party such that the existence of complete diversity can be confirmed from the face of the complaint.  <u>See</u> <u>Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.</u>, 177 F. 3d 210, 222 n. 13 (3d Cir. 1999); <u>see also</u> Fed. R. Civ. P.

8(a)(1) ("A pleading that states a claim for relief must contain
. . . a short and plain statement of the grounds for the court's
jurisdiction").  "The failure to allege [a party's] citizenship
in a particular state is fatal to diversity jurisdiction."
Universal Reinsurance Co., Ltd. v. St. Paul Fire And Marine Ins.
Co., 224 F. 3d 139, 141 (2d Cir. 2000).  Allegations of residence
are insufficient for purposes of establishing jurisdiction under
§ 1332.  See Quinn v. McGraw-Hill Companies, Inc., 168 F. 3d 331,
334 n.1 (7th Cir. 1999); Held v. Held, 137 F. 3d 998, 1000 (7th
Cir. 1998).  "[M]ere residency in a state is insufficient for
purposes of diversity."  Krasnov. V. Dinan, 465 F. 2d 1298, 1300
(3d Cir. 1972).  "When the parties allege residence but not
citizenship, the court must dismiss the suit."  Held v. Held, 137
F. 3d 998, 1000 (7th Cir. 1998) (quoting Guaranty Nat'l Title Co.
v. J.E.G. Assoc., 101 F. 3d 57, 58 (7th Cir. 1996)).

This Court lacks diversity jurisdiction over the Complaint
because it fails to plead facts regarding the citizenship of each
party and this omission renders the Complaint fatally defective.[2]

---

[2] "Because [plaintiff] was incarcerated when he filed his
complaint, his citizenship is determined by his state of domicile
immediately before being incarcerated." McCracken v. Murphy, 129
Fed. App'x 701, 702 (3d Cir. 2005); accord Pierro v. Kugel, Civ.
No. 09-1686 (DRD), 2009 WL 1043955 at *2 (D.N.J. April 16, 2009)
("this court follows the . . . majority rule that incarceration
in a penal institution will not work a change in domicile")
(citation and internal quotation marks omitted); Manna v. U.S.
Dep't of Justice, 1994 WL 808070 at *3 (D.N.J. 1994) ("a
prisoner's residence does not change when he is incarcerated");
(continued...)

See Universal Reinsurance Co., Ltd., 224 F. 3d at 141 ("The failure to allege [a party's] citizenship in a particular state is fatal to diversity jurisdiction); Guaranty Nat'l Title Co. v. J.E.G. Assoc., 101 F. 3d at 58 ("When the parties allege residence but not citizenship, the court must dismiss the suit"); American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F. 2d 15, 16 (5th Cir. 1979) (plaintiff "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states").[3]

(2) Federal Question Jurisdiction

A district court may also exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

---

[2](...continued)
Tumminello v. Bergen Evening Record, Inc., 454 F. Supp. 1156, 1158 (D.N.J. 1978) (same).

[3] The Plaintiff may file an amended complaint within 30 days of the entry of this Order to more properly allege diversity of citizenship jurisdiction if it so exists, at which time the Court will re-open the case for re-screening of the amended complaint.

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory . . . subjects, or
> causes to be subjected, any citizen of the
> United States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable
> to the party injured in an action at law,
> suit in equity, or other proper proceeding
> for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"  American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).  State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State."  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).  Determining state action involves a two-step approach.

> [T]he first question is whether the claimed
> deprivation has resulted from the exercise of
> a right or privilege having its source in
> state authority.  The second question is

> whether, under the facts of this case,
> respondents, who are private parties, may be
> appropriately characterized as "state
> actors."

Lugar, 457 U.S. at 939; see also Sullivan, 526 U.S. at 50.

"Before private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation, e.g., authorizing its own officers to invoke the force of law in aid of the private persons' request." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1266 (3d Cir. 1994). A private person may fairly be said to be a state actor "when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state." Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999).

In this case, the Defendants are Wildwood Linen and its owner, Al Beers. Nothing asserted in the Complaint insinuates that either defendant was acting under color of state law. Under these circumstances, this Court lacks federal question jurisdiction over the Complaint. Because this Court lacks jurisdiction, the Court will dismiss the Complaint.[4]

-------------------------------------------------

[4] This Court does not read the Complaint as attempting to assert a claim under Title VII of the Civil Rights Act. In any event, "[a] person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964 . . . may not maintain a suit for redress in federal district court until he has first (continued...)

## IV.   CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice.


                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **UNITED STATES DISTRICT JUDGE**


Dated: June 30, 2010

---

⁴(...continued)
unsuccessfully pursued certain avenues of potential
administrative relief," Love v. Pullman Co. 404 U.S. 522, 523
(1972), and nothing asserted in the Complaint indicates that
Plaintiff exhausted administrative remedies.  See 42 U.S.C. §
2000e-5(f)(1); Burgh v. Borough Council of Borough of Montrose,
21 F.3d 465 (3d Cir. 2001) ("A complainant may not bring a Title
VII suit without having first received a right-to-sue letter
[from the EEOC]").  If this Court is in error, Plaintiff may file
an amended complaint within thirty days of the entry of this
Order, at which time the Court will re-open the case for re-
screening of the amended complaint.